UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MATTHEW GILLIS,

        Plaintiff,                     Case No. 14-cv-12518

v.                                       Honorable Thomas L. Ludington

BAY COUNTY SHERIFF JOHN MILLER, in his
Official and Individual Capacities,

        Defendants.
_____/

**ORDER DENYING MOTION TO AMEND COMPLAINT**

On June 26, 2014, Plaintiff Matthew Gillis filed suit against the Bay County Sheriff's Department and Bay County Sheriff John Miller. Gillis claims that Defendants violated both federal and Michigan law by terminating his employment. *See* Pl.'s Compl. ECF No. 1. According to Gillis, his termination was retaliation for the exercise of his First Amendment rights, a violation of 28 U.S.C. § 1983. Gillis also alleges that his termination was in violation of the Michigan Public Employment Relations Act and Whistleblowers' Protection Act.

Defendants moved for summary judgment on all of Gillis's claims. Defendant's motion was granted on January 28, 2016 and a Judgment dismissing Gillis's complaint with prejudice as to his First Amendment claim and without prejudice as to his state law claims was entered the same day.

On February 29, 2016, Gillis moved to amend his complaint pursuant to Federal Rules of Civil Procedure 15 & 59. Gillis argues in his motion that "the record evidence . . . demonstrates additional protected speech." Pl.'s Mot. Amend ¶ 5, ECF No. 15. He concedes that "[s]aid speech was not alleged as a basis for Plaintiff's First Amendment Retaliation claim." *Id*. at ¶ 6.

He seeks to amend his complaint to add facts in further support of a revived First Amendment retaliation claim. *Id*. at ¶ 7. Gillis relies on *Halcomb v. Black Mountain Res., LLC*, 303 F.R.D. 496 (E.D. Ky. 2014), in support of the relief he seeks.

As a preliminary matter, Gillis's motion should be denied because he did not move to alter or amend the judgment under Rule 59 or 60(b). The Sixth Circuit has explained that a party seeking to amend the complaint after entry of judgment must "first mov[e] to alter, set aside or vacate judgment pursuant to either Rule 59 or Rule 60 of the Federal Rules of Civil Procedure." *Morse*, 290 F.3d at 799. That is, "instead of meeting only the modest requirements of Rule 15, the claimant must meet the requirements for reopening a case established by Rules 59 or 60." *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 616 (6th Cir. 2010).

"Under Rule 59, a court may alter the judgment based on: '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Id*. at 615 (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)). Although Walraven invokes Rule 59 in his motion he does not separately move to amend the judgment. *See, e.g.*, *Halcomb*, 303 F.R.D. at 498 (explaining that the plaintiff moved separately to amend the judgment and to amend the complaint). He also does not offer any justification for vacating or amending the judgment.

There is no evidence in his motion that any of the four factors for disturbing a judgment under Rule 59 apply to Gillis. Indeed, Gillis acknowledges that the facts he seeks to allege were already present in the record as it existed before judgment was entered. Pl.'s Mot. Amend ¶ 5, ECF No. 15. The Sixth Circuit has cautioned that courts "ought to pay particular attention to 'the movant's explanation for failing to seek leave to amend prior to the entry of judgment.'" *Leisure*

*Caviar*, 616 F.3d at 616 (quoting Morse, 290 F.3d at 800). Gillis has not offered such an explanation here.

"If a permissive amendment policy applied after adverse judgments, plaintiffs could use the court as a sounding board to discover holes in their arguments, then 'reopen the case by amending their complaint to take account of the court's decision.'" *Id.* (quoting *James v. Watt*, 716 F.2d 71, 78 (1st Cir. 1983) (Breyer, J.)). Gillis's motion to amend attempts this very thing. His motion must be denied.

Accordingly, it is **ORDERED** that Plaintiff Matthew Gillis's Motion to Amend, ECF No. 59, is **DENIED.**

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: August 1, 2016

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 1, 2016.

s/Michael A. Sian  
MICHAEL A. SIAN, Case Manager